DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
CERTAIN UNDERWRITERS AT LLOYD'S,      )
LONDON SUBSCRIBING TO POLICY NO. GL-  )
2918-028,                             )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )
                                      )
WENHAVEN, INC., and PETER KUMPITCH,   )
                                      )
            Defendants.               )
                                      )   Civil No. 2014-03
                                      )
```

**ATTORNEYS:**

**Mark Wilczynski, Esq.**
Law Office of Wilczynski & Garten, P.C.
St. Thomas, U.S.V.I.
    *For the plaintiffs,*

**George Hunter Logan, Esq.**
Nichols Newman Logan
St. Croix, U.S.V.I.
    *For the defendants.*

<u>ORDER</u>

Before the Court is the joint motion of Certain Underwriters at Lloyd's, London Subscribing to Policy No. GL-2918-028 ("Lloyd's"), Wenhaven, Inc. d/b/a/ Wendy's ("Wendy's"), and Peter Kumpitch ("Kumpitch")(jointly the "defendants") to: (1) withdraw, *nunc pro tunc* to March 7, 2014, the amended complaint filed on March 7, 2014; (2) vacate this Court's September 16, 2014, order dismissing the amended complaint for

lack of subject-matter jurisdiction; and (3) dismiss this case with prejudice.

The Court writes for the parties, who are familiar with the facts of the case. As such, the Court will only recite such facts as are necessary for disposition of the instant motion. Lloyd's filed its original complaint in this matter on January 10, 2014.  Thereafter, the defendants moved to dismiss the original complaint for lack of subject-matter jurisdiction. Lloyd's responded by filing their first amended complaint. The defendants moved again for dismissal on the basis that this Court lacked subject-matter jurisdiction over the first amended complaint.

On September 16, 2014, this Court entered an order dismissing the first amended complaint for lack of subject-matter jurisdiction and instructing Lloyd's to file a second amended complaint by no later than October 3, 2014, if it wished to do so. The date by which Lloyd's had to file its amended complaint was, upon joint motion by the parties, extended several times. The last of these extensions went to December 19, 2014.  On December 19, 2014, rather than filing a second amended complaint, the parties again filed for an extension of time. That motion was not ruled upon at that time.  On December 29, 2014, the parties filed the instant motion.

When the instant motion was filed, the deadline by which Lloyd's had to amend its complaint had passed and no further extension had been granted. As such, the case had ended by virtue of this Court's September 16, 2014, order of dismissal for lack of subject-matter jurisdiction. *See, e.g.*, *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 283 (3d Cir. 2006)(characterizing an order dismissing for lack of subject-matter jurisdiction as a final order). That being the case, there is no amended complaint that the parties may now withdraw unless the Court's September 16, 2014, order of dismissal for lack of subject-matter jurisdiction is vacated.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment

*Lloyd's of London v. Wenhaven, Inc., et al.*
Civ. No. 2014-03
Order
Page 4

>    that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60 (Relief from a Judgment or Order)("Rule 60"). None of these six grounds is alleged here, and none is evident from the record. Significantly, the parties offer no valid reason for vacatur.

The premises considered, it is hereby

**ORDERED** that the parties' joint motion is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall close this case.

```
                                S_____
                                  CURTIS V. GÓMEZ
                                  District Judge
```